[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of the termination of the plaintiff, Cynthia Ryan, as Director of the Department of Employment, Education and Grants Administration (DEEGA) for the City of Waterbury. Pursuant to General Statute 4-183 the plaintiff appeals the decision of the Director of the State JTPA upholding her termination. The plaintiff brings this action against the City of Waterbury, DEEGA, and the State JTPA.
In a similar action, plaintiff, Pierre Chabot, bringing suit against the same parties, relied on the facts set forth in plaintiff Cynthia Ryan's Objection to Defendant's Motion to Dismiss. Therefore, for purposes of the Motion to Dismiss, these actions are considered together.
By a letter dated December 27, 1990, the plaintiff was suspended with pay by the then Waterbury Mayor Joseph J. Santopietro. The action was taken upon the recommendation of the State JTPA Director Eli Gussen after it was revealed by a city audit that there were irregularities in the use of grant funds involving the plaintiff. (Return of Record [ROR], p. 2) A pre-disciplinary municipal fact finding hearing was held on February 8, 1991. (Petitioner's Appeal, p. 2, para. 5) The fact finder recommended that the plaintiff be terminated for a failure to act as a prudent manager. (Memorandum in Support of State JTPA's Motion to Dismiss, Exhibit A, p. 2) The plaintiff was subsequently terminated by the City of Waterbury on February 15, 1991.
The plaintiff, pursuant to the DEEGA Grievance Procedure for Staff, requested and received a hearing before an independent hearing officer appointed by the City of Waterbury. Three days of hearings were conducted on June 11, June 18, and July 11, 1991 before hearing officer John Romanow, Esq. (Petitioner's Appeal Exhibit A, p. 1) On October 7, 1991, hearing officer Romanow issued an order finding that the plaintiff was not terminated for just cause and that she be restored to her former position. CT Page 3674 (Petitioner's Petition, p. 2, para. 9)
Pursuant to the same grievance procedure the City Administrator for DEEGA, John Lombardo, reviewed the hearing officer's determination and modified it. Lombardo modified the hearing officer's determination by finding that the plaintiff was terminated for just cause and recommended that she not be restored to her former position. (Petitioner's Appeal, p. 2, para. 10) The plaintiff then appealed the decision of City Administrator Lombardo to the Director of State JTPA on or about October 18, 1991. (Petitioner's Appeal, para. 11) On or about November 18, 1991, the Director of JTPA, Eli Gussen, affirmed the decision of the City Administrator Lombardo and therefore denied the plaintiff's appeal. (Petitioner's Appeal, para. 12)
Plaintiff filed this appeal dated December 11, 1991 asserting that the decision of the Director of the State JTPA was "illegal, arbitrary, capricious, in abuse of discretion and not in accordance with the law, evidence and testimony of the hearing of the said Grievance." (Petitioner's Appeal, p. 3, para. 13) The plaintiff further alleges that the decision of State JTPA Director, Eli Gussen, denying the plaintiff her appeal, was illegal in that it was a conflict of interest because Gussen initially requested that the plaintiff be terminated. Plaintiff asserts that it was unfair to allow Gussen to act as the final appellate authority.
On February 7, 1992, State JTPA filed a motion to dismiss. The defendant filed a memorandum of law in support of its motion to dismiss on February 7, 1992. The plaintiff filed a memorandum in opposition to the defendant's motion to dismiss on March 4, 1992, and a supplemental memorandum dated May 5, 1992. Defendant filed a brief on May 15, 1992. Argument was heard on May 21, 1992. Further briefs were allowed and plaintiff submitted a memorandum on June 4, 1992 and defendant on June 3, 1992 and June 19, 1992. Issues raised on this motion to dismiss are similar to those raised and briefed in Pierre Chabot v. City of Waterbury, et al, CV 92-0107041, so this decision applies to both cases, although the facts differ somewhat.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the Court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A court has subject matter jurisdiction if it has authority to adjudicate a particular type of controversy." Castro CT Page 3675 v. Viera, 4210, 427, 541 A.2d 1215 (1988). A claim of a lack of jurisdiction over subject matter may be raised at any time. Emlee Equipment Leasing Corporation v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 577, 595 A.2d 951 (1991).
Defendant asserts that the motion to dismiss for lack of subject matter jurisdiction should be granted on the ground that a decision from the State JTPA is exempt from judicial review under the UAPA. Defendant argues that the State JTPA is part of the Connecticut State Employment Service Department. Defendant further asserts that the Employment Service Department is part of the Employment Security Division. Defendant cites both General Statutes 31-237(a) and 31-259(a) as authority for the position that the State JTPA is within the statutory parameters of the Employment Security Division.
General Statutes 4-183 only authorizes judicial review of certain administrative agency decisions. General Statutes4-185(c), which states in part that "[t]he employment security division. . .[is] exempt from the provisions of. . .sections 4-177 to4-183. . . .", precludes judicial review of the State JTPA's decision in the present case.
Plaintiff argues that the State JTPA is independent from the State Employment Service Department and therefore not exempt from judicial review pursuant to 4-186(c) as a part of the Employment Security Division. (Plaintiff's Memorandum in Support of Objection to Motion to Dismiss, Exhibit A, p. 3, pages unnumbered) Instead the plaintiff argues that the State JTPA falls under the authority of the Connecticut Employment and Training Commission pursuant to General Statutes 331-3h(b). According to the plaintiff, General Statutes 31-3h(b) provides that the Commission is required by state law to perform the functions of a State Job Training Coordinating Council as dictated by Federal Law in the Job Training Partnership Act. (Memorandum In Support of Objection to Motion to Dismiss, p. 4) Plaintiff then asserts that the State Job Training Coordinating Council is responsible for providing "management, guidance and review for all state (JTPA) programs. . ." and as a result is responsible for the JTPA at the State level. (Memorandum in Support of Objection to Motion to Dismiss, p. 4; citing 29 U.S.C. § 1552(b)(2))
The plaintiff asserts that the UAPA applies to all agency proceedings "not expressly exempted in this chapter [Connecticut's Administrative Procedure Act]" General Statutes 4-185(b). The CT Page 3676 plaintiff argues that the Connecticut Legislature expressly established the Connecticut Employment Training Division as a separate entity under 31-3h apart from the Employment Security Division under 31-337. Therefore, plaintiffs assert that the decision of the State JTPA is judicially reviewable under the UAPA because it is not expressly exempted.
Defendant rebuts the plaintiff's argument by asserting that the Employment and Training Commission does not guide and manage the State JTPA program. (Defendant State JTPA's Reply Brief on the UAPA Exemption Issue, June 19, 1992, p. 8) Defendant argues that the plaintiff misstated the law in arguing that 29 U.S.C. § 1552(b)(2) provides that the Connecticut Employment and Training Commission guides and manages all State JTPA programs. Defendant argues that the plaintiff incorrectly cited 1552(b)(2) rather than 1532(b)(2) and in doing so incorrectly inserted the clause "(JTPA)" into the statutory language to create a false impression. Rather a strict statutory interpretation asserts the defendant, reveals that the State JTPA is part of the Employment Security Division.
"In ruling on a motion to dismiss the court should construe the allegations of the complaint in their most favorable light." Reynolds v. Soffer, 183 Conn. 67, 68, 438 A.2d 1163 (1981). "Every presumption favoring jurisdiction should be utilized." Conn. Light Power Co. v. Costle, 179 Conn. 415, 521,426 A.2d 1324 (1980).
In her complaint, plaintiff alleges that she was terminated from her position as the Director of DEEGA for the City of Waterbury. She alleges that in this position, she assisted in administering State JTPA funds directed to it from the United States Department of Labor. She states that the funding from the Department of Labor is distributed to DEEGA through the State JTPA.
The Job Training Partnership Act dictates that the distribution of all funds to the State JTPA is by agreement between the State and the federal government. 20 C.F.R. § 627.1. Pursuant to General Statutes 31-259, JTPA federal moneys go into a fund called the employment security administration fund. General Statutes 31-259, entitled Employment Security Administration Fund, provides in part:
(a) Establishment. There is created in the CT Page 3677 state treasury a special segregated fund to be known as the employment security administration fund. Said fund shall consist of all moneys appropriated by this state, all moneys received from the United States of America, or any agency thereof, including moneys appropriated or received for the purposes of the Job Training Partnership Act, the Bureau of Labor Statistics and the Veterans Employment Service, and all moneys received from any other source, for the purpose of defraying cost of the administration of the employment security division. Notwithstanding any provisions of this section, all money requisitioned and deposited in said fund pursuant to section 31-261 shall remain part of the unemployment compensation fund and shall be used only in accordance with the conditions specified in said section. All moneys in said fund, except money received pursuant to said section, shall be expended solely for the purposes and in the amounts found necessary by the Secretary of Labor of the United States for the proper and efficient administration of the employment security division.
General Statutes 31-259(a).
The statute provides that JTPA moneys will be spent "for the administration of the employment security division" and, thus, places the State JTPA as a program within the employment security division. Expenditure of JTPA moneys is determined by the employment security division.
However, administration of the State JTPA falls partly under the authority of the Connecticut Employment and Training Commission. General Statutes 31-3h(b). General Statutes31-3h(b) provides in part:
 (b) The duties and responsibilities of the commission shall include: (1) Carrying out the duties and responsibilities of a state job training coordinating council pursuant to the federal Job Training Partnership Act, CT Page 3678 29 U.S.C. § 1532, as amended, and such other related entities as the governor may direct; (2) reviewing all employment and training programs in the state to determine their success in leading to and obtaining the goal of economic self-sufficiency and to determine if they are serving the needs of Connecticut's workers, employers and economy, and (3) developing a plan for the coordination of all employment and training programs in the state. . .
General Statutes 31-3h.
As stated, the Commission has the authority to review "all employment and training programs in the state. . ." and to develop "a plan for the coordination of all employment and training in the state. . ." . General Statutes 31-3h(b)(1), (2). The Commission also has the duties of the State Job Training Coordinating Council as provided for in 29 U.S.C. § 1532. Those duties include providing "management guidance and review for all programs in the State. . ." . General Statutes 31-3h(b)(1), (2). The statute appears to place the State JTPA as a program within Employment and Training Commission.
Both the Employment Security Division and the Employment and Training Commission play a role with respect to the State JTPA. within the Employment Security Division, the Employment Security Administration Fund is responsible for all "moneys appropriated or received for the purposes of the Job Training Partnership Act".
The defendant argues that the Employment and Training Commission is not an agency within the meaning of 4-166(1). Defendant asserts that because the Employment and Training Commission is not authorized by its enabling legislation to either make regulations or to determine contested cases then it is not an agency subject to judicial review under 4-183.
Section 4-166(1) provides:
 (1) "Agency" means each state board, commission, department or officer authorized by law to make regulations or to determine contested cases, but does not include either house or any committee of the general CT Page 3679 assembly, the courts, the judicial review council, the council on probate judicial conduct, the governor, lieutenant governor or attorney general, or town or regional boards of education or automobile dispute settlement panels established pursuant to section 42-181; (Emphasis added.)
General Statutes 4-166(1).
Even if the State JTPA is considered a part of the Employment and Training Commission, then as long as the instant case is a "contested case", and as long as the State JTPA director was not acting as the governor in making a review of the complaint pursuant to 20 C.F.R. § 629-52, then the Commission and thus the State JTPA, meet the definition of an "agency" for the purposes of this appeal. Both of these issues are addressed below.
Defendant asserts that the court lacks subject matter jurisdiction because the UAPA is not applicable to the plaintiff's appeal. The defendant argues that in order for the plaintiff to have a right to judicial review pursuant to the UAPA there must be an appeal from a final decision. (Memorandum in Support of State JTPA's Motion to Dismiss, p. 23) Defendant asserts that a final decision is an "agency determination in a contested case." A hearing at an administrative level, argues the defendant is not a contested case. (Memorandum in Support of State JTPA's Motion to Dismiss, p. 14) Defendant argues that a contested case only exists where a hearing is held as required by statute.
The plaintiff asserts that her appeal pursuant to the UAPA is from a final decision in a contested case. The plaintiff argues that the decision by the Director of the State JTPA to uphold the termination of the plaintiff constitutes a determination of a legal right which is judicially reviewable. (Plaintiff's Memorandum in Opposition to Defendant State JTPA's Motion to Dismiss, March 4, 1992, p. 7) Plaintiff further argues that 20 C.F.R. § 629.52(c), which sets forth the procedural guidelines for the Job Training Partnership Act, provides a complainant with a "right to request a review of the complaint by the Governor. . ." (Plaintiff's Supplemental Memorandum in Opposition to State JTPA's Motion to Dismiss, May 5, 1992, p. 3, pages unnumbered) Plaintiff asserts that this provision satisfies the conditions set forth in both General Statutes 4-183(a) and 4-166(2) that an appeal to superior court may only be brought after a final decision in a CT Page 3680 contested case where a hearing is statutorily required.
Judicial review of an administrative decision is available to a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a "final decision". General Statutes 4-183(a). Section 4-16(3) defines a "final decision", in part, as "the agency determination in a contested case." A contested case is defined in 4-165(3) as follows:
 (2) "Contested case" means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176, or hearings referred to in section 4-168;
Appeals from administrative agencies exist under statutory authority and as a result the statutory right to appeal may be taken advantage of only by a strict compliance with the statutory provisions by which it is created." Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163, 561 A.2d 931 (1989); quoting Farricielli v. Personnel Appeal Board, 186 Conn. 198, 201,440 A.2d 286 (1982). "The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal." Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324, 497 A.2d 48 (1985)
The test for determining if there is a contested case requires examining three criteria: "(1) whether a legal right, duty or privilege is at issue; (2) and is statutorily required to be determined by the agency; (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379, 382, 477 A.2d 119
(1984). A "hearing" is defined as a "[p]roceeding of relative formality. . .generally public, with definite issues of fact and law to be tried, in which. . .parties proceeded against have [a] right to be heard. . ." Id., 383; quoting Black's Law Dictionary (5th Ed.). In order to qualify as a hearing the complainant must have a statutory or regulatory right to be heard by an agency. Id.
20 C.F.R. § 629.52(c) provides: CT Page 3681
 (c) State review. (1) If a complainant does not receive a decision at the SDA grant recipient or title III substate grantee level within 60 days of filing the complaint or receives a decision unsatisfactory to the complainant, the complainant then has a right to request a review of the complaint by the Governor. The request for review shall be filed within 10 days of receipt of the adverse decision or 10 days from the date on which the complainant should have received a decision. The Governor shall issue a decision within 10 days. The Governor's decision is final.
The plaintiff has failed to argue that the DEEGA Grievance Procedure for Staff was adopted pursuant to the procedures set forth in 20 C.F.R. § 629.52. Although the plaintiff asserts that 20 C.F.R. § 629.52 provides a statutory right to a hearing, the plaintiff does not repudiate the fact that the hearing that was held was pursuant to the DEEGA Grievance Procedure for Staff. Absent authority that the hearing that was held was pursuant to 20 C.F.R. § 629.52, there was no statutorily required or regulatory right to be heard. Therefore, this constitutes grounds to dismiss the appeal.
Even if the Grievance Procedure was adopted pursuant to 20 C.F.R. § 629.52, it appears that a decision rendered pursuant to the Grievance Procedure would not be subject to judicial review under the UAPA. Section 4-166(a) defining an "agency" does not include decisions made by the Governor. 20 C.F.R. § 629.52 requires review of a decision concerning a complainant by the Governor and states that the Governor's decision is "final". Even had the Grievance Procedure been established pursuant to 20 C.F.R. § 629.52, it appears that the State JTPA Director was acting for the Governor in reviewing the decision of the Administrator to terminate the plaintiff. Therefore, there is no appeal from an "agency" and the defendant's motion to dismiss is granted for lack of subject matter jurisdiction in each case.
/s/ Kulawiz, J. KULAWIZ CT Page 3682