[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought pursuant to General Statutes 31-249b by the plaintiff, Gregory L. Sessions, from a denial of unemployment compensation benefits by the Administrator of the Unemployment Compensation Act. The Employment Security Board of Review (hereinafter "Board") has, pursuant to General Statutes 31-249b, certified and filed with the court the record of proceedings. The record indicates that, pursuant to General Statutes 31-241, a fact finding examiner determined that the plaintiff was ineligible for benefits (Return of Record (hereinafter "ROR") Item 3: Fact Finding Analysis, dated November 20, 1991). The examiner's decision was rendered on November 20, 1991. Id. Pursuant to General Statutes 31-241, the plaintiff filed a timely appeal to a referee on December 2, 1991 (ROR, Item 4: Claimant's Appeal to Referee). Pursuant to General Statutes 31-242, the referee conducted a de novo hearing, made findings of fact and, by decision issued January 31, 1992, affirmed the examiner's determination of ineligibility. (ROR, Item 8: Decision of Appeals Referee, dated January 31, 1992). On April 1, 1992, pursuant to General Statutes 31-249, the Board adopted the findings and decision of the referee as its own. (ROR, Item 12: Decision of Board of Review, dated April 1, 1992).
On May 11, 1992, the plaintiff filed an appeal of the Board's decision to this court. (ROR, Item 13: Claimant's Appeal to Superior Court postmarked May 8, 1992) The plaintiff argues that the Board's decision was made without full and complete exposure to his position based on the following issues: (1) whether the plaintiff was a full time or part time employee; (2) whether the plaintiff quit or was fired; (3) why no tax reflections of the plaintiff's earnings for three months showed up on his W-2 forms.
On February 22, 1993, the defendant filed a motion to dismiss the plaintiff's appeal and an accompanying memorandum of law, arguing that the court lacks subject matter jurisdiction over the plaintiff's appeal because it was filed eleven days after the time limit specified in General Statutes31-249a. CT Page 823
On June 25, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss. The plaintiff's memorandum lists the reasons for the untimely filing of the appeal.
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). If the court finds that it has no jurisdiction, it must dismiss the case. Pet v. Dept. of Health Services, 207 Conn. 346, 351, 542 A.2d 672 (1988). A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which the appeal right is granted. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324, 497 A.2d 48 (1985). If these provisions, including time limits, are not complied with, the court lacks subject matter jurisdiction over the appeal. Rogers v. Comm. on Human Rights and Opportunities, 195 Conn. 543,551-52, 489 A.2d 368 (1985).
General Statutes 31-249a governs appeals of board of review decisions. General Statutes 31-249a(a) provides:
 Any decision of the board, in the absence of a timely filed appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, or set aside or modify such decision from a party aggrieved thereby, shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party, provided (1) any such appeal or motion which is filed after such thirty-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing.
The Board, after a hearing, issued a proposed decision finding that the plaintiff did not have "good cause" for filing a late appeal. (ROR, Item 16: Proposed Decision, dated June 19, 1992, p. 2). The plaintiff's challenge to that decision attacks the factual findings of the Board and asserts that it is the Board's duty to elicit relevant testimony. CT Page 824 (ROR, Item 17: Claimant's Rebuttal, dated July 23, 1992).
Connecticut courts have repeatedly held in appeals brought pursuant to General Statutes 31-249b that the superior court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. E.g., United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988}; Finkenstein v. Administrator, 192 Conn. 104, 113, 470 A.2d 1196
(1984). "[i]t is not [the court's] function to adjudicate questions of fact nor may it substitute its own conclusions for those of the Board." Cervantes v. Administrator, 177 Conn. 132,134, 411 A.2d 921 (1979). The court is bound by the findings of subordinate facts and reasonable conclusions made by the appeals referee where the board of review adopted the findings and affirmed the decision of the referee. Finkenstein v. Administrator, supra, 113. If the board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Guevara v. Administrator, 172 Conn. 492,495-96, 374 A.2d 1101 (1977). "The court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily, or illegally." Id., 495.
Pursuant to General Statutes 31-249a(a)(1), a late appeal is allowed only if the plaintiff shows "good cause" for late filing, as defined in the regulations adopted by the board. The standard the regulations apply is that of a reasonably prudent person. Conn. Agencies Regs.31-237g-49 (c). Conn. Agencies Regs. 31-237g-49 (c) specifically refers to the filing of motions to reopen Board decisions. Conn. Agencies Regs. 31-237g-49 (d) makes these standards applicable to a determination of "good cause" to file a late appeal as well. Two of the factors relevant to this determination are "[f]actors outside the control of the party which prevented a timely action;" Conn. Agencies Regs.31-237g-49 (c)(vi), and "[w]hether the party acted diligently in filing a[n] [appeal] once the reason for late filing no longer existed." Conn. Agencies Regs. 31-237g-49 (c) (viii) . Applying the foregoing principles to the Board's decision in the present case, the Board's decision is adopted by the court.
Based upon the evidence that was presented at that hearing, the Board found that the reason the appeal was late was because the plaintiff believed that he needed to obtain information from former co-workers in order to present his CT Page 825 appeal. (ROR, Item 16: Proposed Decision, dated June 19, 1992, pp. 1-2). The plaintiff located former co-workers on the last day of the appeal period. Id., 2. He spent the next two days preparing the appeal. Id. He spent three more days having the appeal typed, as well as trying to gather sufficient funds for the copying and mailing costs associated with the filing of an appeal. Id. The Board found that the failure to locate witnesses which the plaintiff believed were necessary for filing his appeal did not constitute a factor outside the control of a party which prevented a timely action. Id. This was based on its determination that the plaintiff's claim that he needed one month to locate former co-workers was not credible. Id. Determinations of credibility are generally left to the agency that renders the administrative decision. Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217,554 A.2d 292 (1989). The Board's conclusion that the plaintiff's delay in locating former co-workers is reasonably based upon the facts found by the Board. See Guevara v. Administrator, supra, 495-96.
Furthermore, the Board found that the delay of eleven days between the time that the plaintiff located the witnesses and the time that the plaintiff filed the appeal demonstrated that he did not "act diligently in filing . . . once the reason for the late filing no longer existed." (ROR, Item 16: Proposed Decision, dated June 19, 1992, p. 2). The Board made a finding of fact, based on the record, that the plaintiff had actually located the witnesses on the last day of the appeal period. Id. Because an appeal is considered to be filed on the day that it is mailed, General Statutes 31-249a(a)(3), the Board's conclusion that the plaintiff did not act diligently is reasonably based upon the facts found by the Board. See Guevara v. Administrator, supra, 495-96.
The Board ruled, based upon these findings, that the plaintiff failed to show that factors outside his control prevented him from filing a timely appeal to the superior court. (ROR Item 16: Proposed Decision, dated June 19, 1992, p. 2.). It also ruled that the plaintiff did not act with due diligence in pursuing his appeal. Id. Based upon these findings, the Board held that the plaintiff had failed to establish "good cause" for filing a late appeal. Id. The record supports the Board's finding that "good cause" is lacking. Therefore, because the appeal was not filed within the thirty-day appeal period provided in General Statutes CT Page 82631-249a(a), the appeal is dismissed for lack of subject matter jurisdiction.
Austin, J.