[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 105)
This is an action by the plaintiff, Cornerstone Family Services, Inc., to recover damages for allegedly defamatory statements made by the pro se defendant, David Royce. On March 9, 2000, the plaintiff filed an action against the defendant for defamation. On May 19, 2000, the defendant moved to dismiss the plaintiff's suit on the ground that certain paragraphs of the plaintiff's complaint fail to state a cause of action. The defendant submitted a memorandum in support of the motion to dismiss and the plaintiff filed a memorandum in opposition thereto. On July, 6, 2000, the defendant filed an amendment to his motion to dismiss in which he seeks to change the ground of the motion to lack of jurisdiction The plaintiff then filed a supplemental memorandum in opposition to the defendant's motion to dismiss.[1] On July, 24, 2000, the defendant filed an amendment to his memorandum in support of the motion to dismiss.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. Johnson v. Dept. of Public Health,48 Conn. App. 102, 107-108, 710 A.2d 176 (1998). In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998) CT Page 13369
The defendant originally moved to dismiss the plaintiff's suit on the ground that certain paragraphs of the plaintiff's complaint fail to state a cause of action. The defendant subsequently filed an amendment to his motion to dismiss adding the language "due to lack of jurisdiction," presumably because he realized that his motion was procedurally improper under Practice Book § 10-30. In filing his amendment, however, the defendant failed to follow the proper Practice Book procedure for amending pleadings.[2] Specifically, the defendant — did not file his amendment pursuant to a court order, with the written consent of the plaintiff, or pursuant to a request for leave to amend. Therefore, the defendant's amendment is not effective and the court will only consider the defendant's unamended motion to dismiss.
In his initial motion, the defendant moves to dismiss the plaintiff's suit on the ground that certain paragraphs of the complaint fail to state a cause of action. The plaintiff contends that defendant's motion is procedurally improper pursuant to Practice Book § 10-30 because a motion to dismiss may only challenge the jurisdiction of the court and the defendant has not raised any objection to the court's jurisdiction.
Practice Book § 10-30 provides in pertinent part that "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss . . ." "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds. . . ." (Citation omitted; internal quotation marks omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 593 (1997). A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). The defendant's motion to dismiss fails to challenge the jurisdiction of the court, and therefore, it must be denied as procedurally defective. However, because the issues raised in the defendant's motion to dismiss are appropriately raised in a motion to strike, the court, in its discretion, will treat the defendant's motion as a motion to strike. SeeMcCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527, 590 A.2d 438
(1991) (trial court should have treated the motion to dismiss as a motion to strike)
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. Waters v. Autuori,236 Conn. 820, 825-26 (1996). If facts provable in the complaint would CT Page 13370 support a cause of action, the motion to strike must be denied.
Practice Book § 10-41 provides: "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." In his motion the defendant asserts that certain paragraphs of the plaintiff's complaint fail to state a cause of action. However, in his motion the defendant fails to specify the distinct reasons on which he relies for his claims of legal insufficiency. Therefore, the defendant's motion is "fatally defective" under Practice Book § 10-41, notwithstanding the defendant's inclusion of such reasons in his supporting memorandum of law. See Bouchard v. People'sBank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). While a trial court can exhibit some degree of leniency towards a pro se party, the court cannot disregard established and mandatory requirements. Basilicato v. Dept. ofPublic Utility Control, 197 Conn. 320, 324, 497 A.2d 48 (1985). There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. Id. Therefore, even when treated as a motion to strike, the defendant's motion must be denied as procedurally defective.[3]
Whether treated as a motion to dismiss or a motion to strike, the court DENIES this motion for the reasons stated above.
MELVILLE, J.