ANTHONY E. BASILICATO *v.* DEPARTMENT OF
PUBLIC UTILITY CONTROL
(12541)

PETERS, C. J., SHEA, SANTANIELLO, DANNEHY and CALLAHAN, Js.

Argued May 8—decision released September 3, 1985

*Otto P. Witt,* for the appellant (plaintiff).

*Phyllis E. Lemell,* assistant attorney general, with
whom was *Robert S. Golden,* assistant attorney gen-
eral, and, on the brief, *Joseph I. Lieberman,* attorney
general, for the appellee (defendant).

SANTANIELLO, J. This appeal concerns a disputed
electric bill and a protested change in the plaintiff's rate
classification by the United Illuminating Company
(hereinafter UI).

The record discloses that on October 26, 1981, the
plaintiff requested a hearing before the department of

public utility control (hereinafter DPUC) to protest a change in his electric rate and bill. UI was designated a party to the proceedings by the DPUC. A hearing was held in May, 1983, and a decision was issued by the DPUC on September 27, 1983. The DPUC concluded that the plaintiff had been properly billed and owed a balance of $700. On October 4, 1983, the plaintiff filed a motion for reconsideration which was denied by the DPUC. The plaintiff filed an appeal from the decision of the DPUC to the Superior Court for the judicial district of New Haven, pursuant to General Statutes § 4-183 (b) of the Uniform Administrative Procedure Act. The plaintiff signed the petition pro se and noted on the bottom of the last page that service on both the DPUC and the UI was made by certified mail. On February 22, 1984, the clerk of the Superior Court acknowledged receipt of the petition by means of a file stamp. There was no writ of summons directing service accompanying the petition, nor was the petition in the form for appeals from decisions of the DPUC.

The DPUC filed a motion to dismiss the action for failure of the plaintiff to make proper service on UI, and for failure to include a citation for service in the body of the petition. On April 10, 1984, counsel entered an appearance for the plaintiff who, until that point in the proceedings, had appeared pro se. The trial court, *Hadden, J.*, dismissed the appeal for failure to include a proper citation and failure to serve a party of record. On June 15, 1984, the plaintiff appealed the trial court's decision to the Appellate Court. We then transferred the case to this court pursuant to Practice Book § 3004A.

The plaintiff raises two issues on appeal: (1) whether substantial compliance with the procedural rules by a pro se litigant vests jurisdiction in the Superior Court to determine the issues raised by an administrative

appeal; and (2) whether the implied approval of the petition by the clerk of the court bars a dismissal of the appeal for defects in form. We find no error.

The plaintiff claims that he complied substantially with the procedures for filing an appeal of an administrative decision and that consequently the court had jurisdiction to hear the matter. He claims that in filing the petition he sought the assistance of the clerk of the court, followed his instructions, and, based upon such reliance, caused the appeal to be served on both UI and the DPUC by certified mail. He argues that he made a good faith effort to comply with the procedural rules and since he was appearing pro se, the court should fashion a rule that allows a pro se litigant some measure of protection from untimely dismissal of actions.

"Appeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 [1972]; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348 [1971]. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898 [1973]; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337 [1965]; 4 Am. Jur. 2d, Appeal and Error, § 4. . . . . Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501 [1947]." *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979), quoting *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975).

The statutory authority for appeals from DPUC decisions rests in the provisions of General Statutes

§§ 16-35[1] and 4-183.[2] Section 4-183 (b) which sets out the requirement for service, directs that all parties shall be "served" with copies of the petition except that service upon the agency may be accomplished by mailing a copy of the petition registered or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford. All other process shall be directed to a "sheriff, his deputy, a constable or other proper officer authorized by statute, or . . . to an indifferent person." General Statutes § 52-50.[3] It is conceded that the only

---

[1] "[General Statutes] Sec. 16-35. APPEALS TO SUPERIOR COURT. Any company, town, city, borough, corporation or person aggrieved by any order, authorization or decision of the department of public utility control, except an order, authorization or decision of the department approving the taking of land, in any matter to which he or it was or ought to have been made a party, may appeal therefrom in accordance with the provisions of section 4-183. The party so appealing shall give bond to the state, with sufficient surety, for the benefit of the adverse party, in such sum as the department fixes, to pay all costs in case he or it fails to sustain such appeal."

[2] General Statutes § 4-183 provides in pertinent part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter . . . .

"(b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after the decision thereon. *Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice, or, if a rehearing is requested, thirty days after the decision thereon except that service upon an agency may be made by mailing a copy of the petition by registerd or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford. . . .*" (Emphasis added.)

[3] "[General Statutes] Sec. 52-50. PERSONS TO WHOM PROCESS SHALL BE DIRECTED. (a) All process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person. A direction on the process 'to any proper officer' shall be sufficient to direct the process to a sheriff, deputy sheriff, constable or other proper officer. . . ."

service in this matter was made on UI and the DPUC by certified mail.

The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal. *Norwich Land Co.* v. *Public Utilities Commission,* supra. There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. While a trial court can exhibit some degree of leniency towards a pro se plaintiff, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance. See generally *Hartford National Bank & Trust Co.* v. *DiFasio,* 177 Conn. 34, 39 n.2, 411 A.2d 8 (1979). We therefore find no error in the trial court's dismissal of the action for lack of jurisdiction.

The plaintiff raises the additional claim that he sought the assistance of the clerk of the Superior Court and followed the instructions of the clerk with respect to service. He claims that the clerk reviewed the petition and should have noticed that it did not provide for a citation and that it indicated that service on both UI and the DPUC had been made by certified mail. He further claims that the clerk then signed the petition. In effect, his claim is that the clerk impliedly approved the form of the writ of summons. The plaintiff relies on Practice Book § 49[4] which reads in pertinent part:

[4] "[Practice Book] Sec. 49. MESNE PROCESS

"Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. Except in those actions and proceedings indicated below, the writ of summons shall be on a form substantially in compliance with Form 503.1 (JD-FM-3) in family actions and with Form 103.1 (JD-CV-1) in other civil actions. If any person is proceeding without

"If any person is proceeding without the assistance of counsel, he shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Sec. 51, shall sign it."

Although the plaintiff argues that the clerk informed him that service by certified mail was proper, he has presented no evidence to support this claim. The record is barren of any evidence implicating the clerk's office in the plaintiff's shortcomings.

A review of the court file reflects that there was no writ of summons attached to the petition for the clerk to review. The clerk merely stamped the petition as filed on February 22, 1984.[5] There was no clerk's signature anywhere on the three page petition.

The clerk's limited responsibilities under § 49 are to review the proposed writ of summons as to form and to check for an approprite bond for prosecution. If both

the assistance of counsel, he shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Sec. 51, shall sign it. . . ."

[5] An examination of the petition discloses that "service by certified mail had already been made prior to presentation of same to the clerk." On page three of the petition dated February 15, 1984, there was a postscript noted as follows: "Cert. Mail to: D.P.U.C. - No. 5000763, U.I. Co. - No. 5000764."

A receipt for certified mail No. 5000763 from the North Haven post office was dated February 15, 1984, and a return receipt reflected that said mail was received at the office of the DPUC in New Britain on February 16, 1984. A review of a letter dated February 15, 1984, addressed to Robert T. Murphy, Executive Secretary of DPUC, reflects that Certified Mail No. 5000764 had already been addressed to E. Jon Majkowski, U.I. Co. The petition of appeal was presented to the clerk's office for the judicial district of New Haven and file stamped February 22, 1984, indicating that the plaintiff's allegation that the clerk authorized "service by certified mail" was not supported by the facts insofar as service had already been made seven days before the petition was presented to the clerk.

are in order, he then shall sign the document. Since there was no writ of summons attached, the clerk did not sign the proffered document but merely stamped it as filed.

There is no error.

In this opinion the other judges concurred.