## LAWRENCE C. MINICHINO *v.* FREEDOM OF INFORMATION COMMISSION
### (3561)

DUPONT, C. J., BORDEN and LANDAU, Js.

Argued November 4, 1985—decision released February 4, 1986

*Henry C. Szadkowski,* with whom, on the brief, was *Jonathan J. Einhorn,* for the appellant (plaintiff).

*Marianne D. Smith,* for the appellee (defendant).

PER CURIAM. The plaintiff, the mayor of West Haven, has appealed from the judgment of the Superior Court dismissing his administrative appeal from a decision of the freedom of information commission (FOIC). That decision was rendered on a complaint filed by Francis Withington. We find no error.

The FOIC issued its finding on May 9, 1984. It mailed notice of its decision to all parties, including the plaintiff, on May 11, 1984. On June 5, 1984, the plaintiff served notice of the present appeal upon the FOIC, as required by General Statutes § 4-183 (b). Withington, the complainant and a party of record before the FOIC, was not served.

On July 23, 1984, the FOIC moved to dismiss the plaintiff's appeal, claiming that the court lacked sub-

ject matter jurisdiction of the appeal due to the plaintiff's failure to serve Withington with a copy of the appeal petition within thirty days from the mailing of the FOIC's decision, as required by § 4-183 (b). On August 2, 1984, the plaintiff filed a motion to cite in Withington as a party defendant. The plaintiff's motion was denied, without articulation, on August 15, 1984. On August 20, 1984, the FOIC's motion to dismiss for lack of subject matter jurisdiction was granted by the court. The plaintiff claims that the court erred in denying his motion to cite in Withington and in dismissing his appeal.

We first consider the plaintiff's claim that the court's denial of his motion to cite in Withington was an abuse of discretion. Since the motion was filed after the time to serve notice of the appeal had expired, denial of the motion was proper. See *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 412–13, 378 A.2d 519 (1977); *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 340, 170 A.2d 732 (1961).

We next consider the principal issue raised by this appeal, namely, whether failure to serve notice of an administrative appeal upon a party of record, as required by § 4-183 (b), is a fatal jurisdictional defect. It is clear that such failure is a subject matter jurisdictional defect mandating dismissal. "The right to appeal from the decision of an administrative agency exists only under statutory authority. This right may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985). See *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322–24, 497 A.2d 48 (1985); *Daniels* v. *New Haven Police Department,* 3 Conn. App. 97, 99, 485 A.2d 579 (1985).

There is no error.