HILLCROFT PARTNERS ET AL. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES (13158)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and SANTANIELLO, Js.

Argued October 7—decision released November 24, 1987

*Thomas F. Parker,* with whom was *Brenda M. Bergeron,* for the appellants (plaintiffs).

*David M. Teed,* assistant attorney general, with whom were *Richard F. Kehoe,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

SHEA, J. The plaintiffs, Hillcroft Partners and Schlesinger Management Corporation, appealed to the Superior Court from an order of the defendant commission on human rights and opportunities (CHRO) implementing its finding that the policy of the plaintiff landlord and rental agent in limiting occupancy of their three-bedroom apartments to no more than four persons discriminated against prospective tenants with minor children in violation of General Statutes § 46a-64a.[1] The trial court dismissed the appeal because of the failure to serve the complainant, Margaret Schifini, who had instituted the proceeding against the plaintiffs and was the beneficiary of a resulting financial award.

In this appeal from the judgment of dismissal the plaintiffs claim that the trial court erred in concluding that service of the complaint upon the complainant was

---

[1] "[General Statutes] Sec. 46a-64a. (Formerly Sec. 47a-2a). DISCRIMINATION AGAINST FAMILIES WITH CHILDREN PROHIBITED. (a) In the rental of a dwelling unit, no landlords or landlord's agent may discriminate against any tenant or potential tenant because such tenant occupies or intends to occupy the dwelling unit with minor children.

"(b) The provisions of subsection (a) of this section shall not apply (1) to the renting of (A) single-family and two-family houses or (B) a dwelling unit in a house containing dwelling units for not more than four families living independently of each other, if the owner of such house resides in one of the dwelling units; or (2) if such rental would violate any local, state or federal law or regulation, or condominium bylaw.

"(c) Any person who commits a discriminatory practice under this section shall be fined not less than twenty-five dollars nor more than one hundred dollars or imprisoned not more than thirty days, or both.

"(d) Nothing in this section shall be construed to require any landlord to terminate or refuse to renew any lease or tenancy."

required by General Statutes § 4-183 (b)[2] of the Uniform Administrative Procedure Act (UAPA), which provides for service upon "all parties of record." We find no error.

Because it is conceded that Schifini was never served, the dispositive issue is whether she was a party of record upon whom service of the petition appealing from the CHRO decision was required by § 4-183 (b). If the complainant was such a party, the failure to follow the statutory mandate to serve her was a jurisdictional defect warranting dismissal of the appeal. We have held that "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979). "The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal." *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985); *Minichino* v. *Freedom of Information Commission,* 6 Conn. App. 148, 149, 503 A.2d 1189 (1986); *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985).

---

[2] General Statutes § 4-183 (b) provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

The term "party" is defined by General Statutes § 4-166 (5)[3] of the UAPA to mean "each person or agency named or admitted as a party, or properly seeking *and* entitled as of right to be admitted as a party . . . ." We consider first the last definitional alternative, "properly seeking and entitled as of right to be admitted as a party." The record in this case discloses no attempt by the complainant to be admitted as a party, whether or not she may have been entitled to that status. As a recipient of a financial benefit by virtue of the CHRO order, Schifini may well have been "entitled as of right to be admitted as a party" and thus to notice of an appeal contesting that award. See *Shulman* v. *Zoning Board of Appeals,* 143 Conn. 182, 183, 120 A.2d 550 (1956); *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 220, 43 A.2d 304 (1945). Because the absence of notice to one having a substantial interest in a legal proceeding raises constitutional concerns, the CHRO argues that we should construe § 4-183 (b) to require service upon a person "entitled as of right to be admitted as a party" even though he has never sought that status. The failure to join one who is even an indispensable party, however, does not warrant dismissal of a statutory appeal where the statute does not specify that such a person must be served. "New parties may be added and summoned in . . . by order of the court, at any stage of the cause, as it deems the interests of justice require." Practice Book § 100. This court has remanded a statutory appeal for the purpose of joining an indispensable party omitted from the service requirements of the statute authorizing the appeal even when the defect has been noticed by us sua sponte. *Shulman* v. *Zoning Board of Appeals,*

---

[3] General Statutes § 4-166 (5) provides:" 'Party' means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party . . . ."

supra, 183–84. The contention advanced by the CHRO that § 4-183 (b) must be construed to require service upon the complainant as a necessary party in order to satisfy the constitutional requirement of an opportunity to be heard; see *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 548–49, 489 A.2d 368 (1985); therefore, does not persuade us to ignore the use of the conjunctive in the definitional phrase, "or properly seeking *and* entitled as of right to be admitted as a party." (Emphasis added.) General Statutes § 4-166 (5).

We conclude, however, that the record sufficiently establishes that the complainant was "named" as a party during the CHRO proceeding and thus became a party of record under the first alternative of the definition contained in § 4-166 (5). The first letters sent by the CHRO to each plaintiff bore references to docket numbers of proceedings entitled "Margaret M. Schifini v. Hillcroft Partners" and "Margaret M. Schifini v. Schlesinger Management Corp." Copies of the sworn complaints enclosed with the letters bore a caption as follows: "Commission on Human Rights and Opportunities on the Complaint of Margaret M. Schifini, Complainant vs. (each plaintiff) Respondent."[4] A letter of the plaintiffs responding to the complaints as well as the affidavits submitted therewith had the reference or caption "Margaret M. Schifini vs. (each plaintiff)." The notice of public hearing referred to the complaints by the same title. The brief filed with the hearing officer by the attorney general, as well as that of the plaintiffs, bore the caption, "C.H.R.O. ex rel. Margaret

---

[4] In the form of complaint used by the CHRO, entitled "Complaint Affidavit," the printed words, "Commission on Human Rights and Opportunities on the Complaint of," precede the typed portion of the caption, "Margaret M. Schifini, Complainant vs. (each plaintiff), Respondent." The printed record on appeal contains only the typed portion of the caption.

Schifini, Complainant v. Hillcroft Partners and Schlesinger Management Corp., Respondents." The same caption appears on the final decision issued by the CHRO. The record of the proceeding, therefore, indicates that the complainant was named in the pleadings and other documents filed either as the sole party pursuing the claim against the plaintiffs or as a relator at whose behest the CHRO had instituted the proceeding.

In mandamus actions at common law, where there is a private right to have a public duty performed, the suit is ordinarily brought in the name of the state or its attorney, designating the aggrieved person seeking performance of such duty as the relator. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 A. 30 (1925); *State* v. *Towers,* 71 Conn. 657, 663, 42 A. 1083 (1899). The same practice of naming the person who has instigated the proceeding as the relator has usually been followed in mandamus actions for the enforcement of a public duty, where "the people are regarded as the real party in interest" and the relator "need not show that he has any legal or special interest in the result." *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 449, 190 A.2d 591 (1963); *State ex rel. Foote* v. *Bartholomew,* supra. Where the relator has no interest distinguishable from that of other members of the public, of course, a mandamus action for performance of a public duty may be instituted by the state without naming a relator. *State's Attorney* v. *Selectmen of Branford,* 59 Conn. 402, 408–409, 22 A. 336 (1890). If, however, the relator is specially aggrieved by failure to perform a public duty, his interest must be taken into account in a decision as to whether mandamus is warranted in view of other possible remedies. *State* v. *Erickson,* 104 Conn. 542, 549, 133 A. 683 (1926).

The designation of Schifini as a relator in the final decision from which the appeal was taken, as well as in other documents during the course of the proceeding, indicated that she was "[a] person beneficially interested on whose behalf an action is maintained by the state or sovereign power." Ballentine's Law Dictionary (3d Ed.) p. 1084. "A relator is a party in interest who is permitted to institute a proceeding in the name of the people or the attorney general when the right to sue resides solely in that official." 59 Am. Jur. 2d, Parties § 7. Upon the issuance of the final decision awarding her financial relief, the complainant unquestionably had a sufficient interest to qualify as a relator and the caption of the decision clearly indicated that she had been given that status by the CHRO. She had thus been "named . . . as a party" pursuant to § 4-166 (5). No more formal christening as a party was needed. Her designation as the relator in the final decision together with her evident interest in that decision provided reasonable notice to the plaintiffs that she had become a party of record upon whom service of any appeal therefrom was mandated by § 4-183 (b).

The plaintiffs contend that the Human Rights and Opportunities Act, General Statutes § 46a-51 through § 46a-99, makes no provision for a complainant to assume the role of a party. They rely upon the absence of any provision for giving notice of the hearing to the complainant, in contrast to General Statutes § 46a-84 (b), which requires such notice to a respondent. Similarly, they point to General Statutes § 46a-84 (d), which provides that "[t]he case in support of the complaint shall be presented at the hearing by the attorney general, who shall be counsel for the commission, or by the commission counsel," and the omission of any express statutory authority for participation of the complainant as a party in the proceeding. The failure of the statutes to describe the role of the complainant,

however, did not preclude the CHRO from naming her as a party so long as she had a substantial interest in the proceeding. Furthermore, we have held that, where the commission prosecutes a discriminatory practice upon the complaint of an individual seeking redress only for himself, "the tribunal may fashion a remedy only within the confines of the complaint and afford relief only to the individual complainant" and that upon the complainant's death "the tribunal is rendered powerless to issue an award in conformity with the decedent's personal complaint." *Groton* v. *Commission on Human Rights & Opportunities,* 169 Conn. 89, 100–101, 362 A.2d 1359 (1975). We have also decided that, where an "executor has *entered* the administrative proceeding by filing an amended complaint seeking any remedy to which the deceased complainant may have been entitled," the provision of General Statutes § 52-599 (b) that "[a] civil action or *proceeding* shall not abate by reason of the death of any *party* thereto" is applicable. (Emphasis added.) *CHRO* v. *Greenwich Catholic Elementary School System, Inc.,* 202 Conn. 609, 613–14, 522 A.2d 785 (1987). In these cases we have implicitly regarded the continued presence of the complainant as a party to a CHRO proceeding to be essential where the complaint initiating the agency proceeding, like that in the present case, seeks relief only for the wrongs the complainant has allegedly suffered.

The plaintiffs also stress the absence of any provision for giving notice of the decision of the hearing officer to a complainant, such as that provided for a respondent by General Statutes § 46a-86 (a), (d) and (e), whether or not a discriminatory practice is found. This omission does create an incongruity in this statute, especially in view of General Statutes § 4-183 (a) of the UAPA which provides a right of appeal to "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final

decision in a contested case." The deficiency, however, does not affect the right of a party, as defined by § 4-166 (5) to include a "named" party, to notice of the final decision of the agency, because General Statutes § 4-180 (c) requires that "[p]arties shall be notified . . . of any decision or order."

We conclude that no statutory provision precluded the CHRO from naming Schifini as a party to the proceeding, as it did by designating her in the various documents comprising the record previously referred to, and, indeed, that according her such status was necessary in view of the limited scope of the complaint. Accordingly, she was a party of record whom the plaintiffs were obliged to serve in bringing their appeal. We agree with the trial court that the failure to serve her necessitated dismissal of the appeal for lack of jurisdiction.

There is no error.

In this opinion the other justices concurred.