[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RESPONSE TO MOTION FOR RECONSIDERATION OR ARTICULATION
In the above entitled matter, the parties have moved the Court for reconsideration or articulation of a decision rendered on January 8, 1991, in connection with the plaintiff's motion for summary judgment.
This case involves a foreclosure complaint initiated by the Essex Savings Bank (plaintiff) with regard to a July 22, 1988, $650,000 promissory note secured by a mortgage on certain property in the Town of Old Lyme, County of New London, State of Connecticut (hereinafter "the property"). Martin Frimberger was the maker of the note and the mortgagor. The bank claims the note is in default.
Certain other defendants are named by reason of their subsequent liens on the property. The defendant John T. O'Reilly is alleged to have received a quit claim deed to the premises on December 6, 1988 and to be the present owner.
Defendant John T. O'Reilly acting herein pro se filed an answer and special defense on August 3, 1990, in CT Page 4573 which he denied various of the pleadings in the complaint, admitting others and alleged a special defense which said: "Plaintiff was aware of hidden mortgages on the property and refused to inform this defendant before this defendant started selling lots and improving the property." After various other pleadings, the plaintiff filed a motion for summary judgment on August 24, 1990, together with an accompanying memorandum in support of the motion and an affidavit. In its memorandum, the plaintiff claims there is no genuine issue of material fact relating to the defendant John T. O'Reilly and that the claimed "special defense" relating to certain "hidden mortgages" does not constitute a defense to a foreclosure of the mortgage.
The defendant filed a "declaration in response to plaintiff's motion for summary judgment" on December 24, 1990, together with a memorandum in opposition to plaintiff's motion for summary judgment. For reasons not attributable to the parties herein, these documents were not available for the Court review at the time of the previous ruling on the motion for summary judgment but will be carefully considered herein.
The defendant O'Reilly claims in his "declaration" under penalty of perjury that he has in good faith taken over the development of the property which is also known as Miller's Ridge Subdivision. The defendant O'Reilly claims that the undertaking to assume this development from its prior owner "making payments on the first mortgage which mortgage was certified to be a first mortgage by the attorney Himan Clein for plaintiff Essex Bank, only to find out a year into development that there were, in fact, two hidden mortgages totalling $225,000," which had been prior in right to the Essex Savings Bank mortgage but which were subordinated to the Essex Savings Bank mortgage. The defendant O'Reilly claims that the Essex Savings Bank did not notify him of the prior but subordinated mortgages so that he is apparently claiming he was unaware of their existence when he borrowed $250,000 from "another bank" to build a "spec house."
The only question raised by this proceeding is whether or not the defendant O'Reilly would be permitted to assert these factual matters in the pending action wherein the Essex Savings Bank seeks to foreclose its mortgage with regard to the property.
The law with regard to the proper use of a summary judgment is not in dispute.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that CT Page 4574 there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384. "Material fact" has frequently been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990); United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969). The test for whether there is a material fact is whether a party would be entitled to a directed verdict on the same facts. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988).
The Court notes that, according to the complaint to which responsive pleadings have been filed, the defendant O'Reilly was not the maker on the Essex Savings Bank note and is not claimed to be obligated thereunder. The defendant Martin H. Frimberger who was the maker of the note has not appeared in this action and has been defaulted.
Given a reading most favorable to defendant O'Reilly, the special defense seems to claim that a mortgagee owes a duty to a subsequent purchaser of the property (subject to the mortgage) to inform him of the status of the title or the other liens on the property. No cases or other authority have been called to the Court's attention to support such a claim.
While this Court has held that a covenant of good faith and fair dealing may be asserted in a foreclosure action (Sorvillo v. Strother, D.N. 501400, New London Superior Court, October 1, 1987, (13 CLT 46)), there are no facts alleged in the plaintiff's complaint or the defendant's special defense which would give rise to any such covenant in this case nor does the specific allegations of the special defense referred to above suggest any defense known to our law against the foreclosure action even giving the liberal interpretation which the Court would accord to a pro se defendant. See Hartford National Bank Trust Co. v. DiFazio, 177 Conn. 39; Basilicato v. Department of Public Utilities Control,197 Conn. 320, 324 (1985).
The defendant's denial of some of the allegations of the complaint do not give rise to factual issues, particularly where they are unsupported by the claims made in the counter affidavit or memoranda of the defendant.
Accordingly, the Court will grant the summary judgment against the defendant O'Reilly in favor of the plaintiff on the plaintiff's complaint and the defendant's special defense and finds that there are no genuine issues of CT Page 4575 material fact to be determined.
This ruling is interlocutory only as to the issues raised herein, and the case may proceed on the other issues as provided by law.
LEUBA, J. CT Page 4576
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4577
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4578
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4579
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4580