[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#107)
The plaintiff, Leonard Young, appeals pursuant to General Statutes § 4-183 from the dismissal of his claim and the denial of his motion for reconsideration by the defendant, the Commission on Human Rights and Opportunities (CHRO). Also named as a defendant is the plaintiff's former employer, Eldorado Tools, a division of Quamco, Inc. (Eldorado).
On June 24, 1994, the plaintiff filed a complaint with the CHRO, charging Eldorado with discriminatory treatment on the basis of race, color and physical disability, in violation of Chapter 814c of the General Statutes. The plaintiff's complaint was dismissed by the CHRO on December 20, 1994.
On or about January 6, 1995, the plaintiff filed a request for reconsideration. The request was denied by the CHRO on March 22, 1995 on the ground that it was not timely filed. The plaintiff alleges that he received notification of the CHRO's CT Page 12556-B decision on April 17, 1995.
In support of his appeal the plaintiff alleges that he provided the CHRO with evidence of discriminatory treatment by his employer and that the CHRO did not give due consideration to the plaintiff's evidence. The plaintiff further alleges that the CHRO acted arbitrarily, capriciously and abused its discretion in failing to fully investigate his claims.
On September 18, 1995, the CHRO filed a motion to dismiss (#107), supported by documentary evidence and an affidavit. The CHRO moves to dismiss the action on the ground that the court lacks subject matter jurisdiction due to the plaintiff's failure to file and serve the appeal within forty-five days of the mailing of the notice of the agency's decision as required by General Statutes § 4-183. The plaintiff has filed a memorandum of law in opposition to the motion to dismiss supported by documentary evidence.
General Statutes § 4-183(c) provides in pertinent part that "[w]ithin forty-five days after mailing of the final decision . . . or . . . within forty-five days after personal delivery of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court." The term "final decision" is defined in § 4-166(3) as "(A) the agency determination in a contested case . . . or (C) an agency decision made after reconsideration."
"[A] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provision by which it is created. . . . The appeal provisions of a statute are jurisdictional in nature, and if not complied with, render the appeal petition subject to dismissal." (Citations omitted; internal quotation marks omitted.) Hillcroft Partners v.Commission on Human Rights Opportunities, 205 Conn. 324, 326,533 A.2d 852 (1987). Failure to serve and file an administrative appeal under § 4-183 within forty-five days of the mailing of the agency's final decision deprives the court of subject matter jurisdiction to hear the appeal. GlastonburyVolunteer Ambulance Assn., Inc. v. Freedom of InformationCommission, 227 Conn. 848, 852, 633 A.2d 305 (1993); Ierardi v.Commission on Human Rights Opportunities, 15 Conn. App. 569,574, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082
CT Page 12556-C (1988). The filing of a petition for reconsideration with the agency does not stay the time to appeal to the superior court.Cassella v. Department of Liquor Control, 30 Conn. App. 738,741, 622 A.2d 1018 (1993).
In the present case the plaintiff's claim was dismissed by the CHRO on December 20, 1994. The final decision was received by the plaintiff on December 21, 1994. (Affidavit of Jewel Brown, ¶ 2; certified mail domestic return receipt post card attached as an exhibit to the affidavit.) Pursuant to § 4-183(c), the plaintiff had to serve and file the administrative appeal within forty-five days of the mailing of the agency's final decision. The statutory time period is not stayed by the filing of a petition for reconsideration.[1] Thus, the plaintiff had to serve and file the appeal with the superior court no later than February 6, 1995.[2] The plaintiff served process upon the defendants on June 1, 1995, and filed the appeal with the superior court on June 12, 1995, well outside the forty-five day period provided by § 4-183(c).
Therefore, the court dismisses the plaintiff's appeal on the ground of lack of subject matter jurisdiction.
BALLEN, JUDGE