[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 29, 1997, the plaintiff filed an appeal from two decisions of the Commission on Human Rights Opportunities (CHRO). In Count One, the plaintiff appeals the CHRO's September 20, 1996 decision to reject reconsideration of the CHRO's January 20, 1996 dismissal of the plaintiff's discrimination complaint against Teamster Union Local 1150. In Count Two, the plaintiff appeals the CHRO's September 26, 1996 decision to reject reconsideration of the CHRO's January 20, 1996 dismissal of the plaintiff's discrimination complaint against United Technologies Corporation Division Sikorsky Aircraft (UTC). The plaintiff also named as defendants Teamster Union Local 1150 and UTC. CT Page 2532
The complaint alleges the following facts: On October 20, 1995, the plaintiff filed a complaint against UTC and a complaint against Teamster Union Local 1150 with the CHRO. The plaintiff charged that UTC and Teamster Union Local 1150 discriminated against him because of his disability in violation of the Americans with Disability Act and the Rehabilitation Act of 1973. On January 20, 1996, the CHRO dismissed the plaintiff's complaints upon a finding of no reasonable cause.
The plaintiff then filed a request to reconsider both complaints with the CHRO. On September 26, 1996, the CHRO denied the plaintiff's requests for reconsideration.[1] The plaintiff was notified by letter of the CHRO's decisions and informed that he could appeal the CHRO's decisions pursuant to General Statute § 4-183.
On September 27, 1997, the defendant CHRO filed a motion to dismiss, a supporting memorandum of law, supporting affidavit, and other exhibits. The defendant moves to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to file this appeal pursuant to General Statutes § 4-183(c).[2]
In response, the plaintiff filed a motion to hear the case on October 6, 1997, which the court treats as an objection to the CHRO's motion to dismiss. The plaintiff also submitted an affidavit and other exhibits in opposition to the defendant's motion. The plaintiff argues that his appeal should not be dismissed because the CHRO failed to tell the plaintiff all rights available to him under state and federal law.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995).
"[A] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . The appeal provision of a statute are jurisdictional in nature, and if not complied with, render the appeal petition subject to dismissal." (Citations omitted; internal quotation marks omitted.) Hillcroft Partners v.Commission on Human Rights Opportunities, 205 Conn. 324,326, 533 A.2d 852 (1987). CT Page 2533
"Failure to serve and file an administrative appeal under § 4-183 within forty-five days of the mailing of the agency's final decision deprives the court of subject matter jurisdiction to hear the appeal." Young v. Commission on Human Rights, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323883 (November 9, 1995, Ballen, J.). See alsoGlastonbury Volunteer Ambulance Assn., Inc. v. Freedom ofInformation Commission, 227 Conn. 848, 852, 633 A.2d 305 (1993).
In the present case, the CHRO mailed the plaintiff notice of the CHRO's Rejection of Reconsideration on September 20, 1996, (Affidavit of Jewel Brown, Deputy Director for Enforcement, dated September 19, 1997, ¶ 2) and September 26, 1996. This was the CHRO's final decision regarding the plaintiff's discrimination complaint. (Affidavit of Jewel Brown, Deputy Director for Enforcement, dated September 19, 1997, ¶ 2.)
Pursuant to § 4-183 (c), the plaintiff was required to file and serve the appeal "[w]ithin 45 days after mailing of the final decision." Accordingly, the plaintiff was required to serve and file Count One of his appeal with the superior court by November 4, 1996, and Count Two of his appeal by November 10, 1996. The plaintiff filed his appeal with the superior court on July 29, 1997. The appeal was served on the Attorney General on July 24, 1997. Therefore, the plaintiff failed to comply with General Statutes § 4-183 (c).
For these reasons, the court lacks subject matter jurisdiction over the plaintiff's appeal because of the plaintiff's failure to comply with General Statutes § 4-183 (c). Accordingly, the CHRO's motion to dismiss is granted.
KULAWIZ, J.