[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION TO DISMISS (#102 AND #103)
On March 9, 1998, the pro se plaintiff, Joseph Boccuzzi, filed an appeal from a decision of the Commission on Human Rights and Opportunities (CHRO). Joseph Boccuzzi (Boccuzzi) named the following CHRO employees as defendants in his appeal: Louis Martin, Tina W. Chin, Mary E. More, Nicholas A. Cioffi and William Binkley. Boccuzzi appeals the CHRO's decision to reject reconsideration of the CHRO's dismissal of his complaint against his former employer, the Marriott Courtyard in Norwalk.
The following facts are alleged in Boccuzzi's compliant: Boccuzzi filed a complaint with the CHRO that his former CT Page 10427 employer, the Marriott Courtyard in Norwalk, terminated his employment because of his age and back problems. The CHRO failed to carry out its duty to investigate Boccuzzi's complaint to determine whether reasonable cause existed.
On April 24, 1998, the CHRO and the CHRO's employees, Louis Martin, Tina W. Chin, Mary E. More, Nicholas A. Cioffi and William Binkley, filed motions to dismiss and supporting memoranda of law. Both motions argue that the court lacks subject matter jurisdiction over Boccuzzi's appeal. The CHRO asserts that the court lacks subject matter jurisdiction because Boccuzzi's appeal was not timely filed. The CHRO's employees argue that the court lacks subject matter jurisdiction over them because an administrative appeal may only be brought against the agency, not the agency's employees. The defendants filed the following exhibits in support of their motions to dismiss: two affidavits by Jewel E. Brown, Deputy Director for Enforcement of the CHRO; certification of mailing decision to reject reconsideration; a copy of the decisions to reject reconsideration.
On May 18, 1998, Boccuzzi filed a memorandum of law in opposition to the defendants' motions to dismiss. Boccuzzi filed the following exhibits in opposition to the defendants' motion to dismiss: a copy of the complaint filed with the clerk's office; copies of return receipts; copies of two money order receipts.
On June 17, 1998, the defendants collectively filed a supplemental memorandum of law in support of their motions to dismiss.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . ." (Internal quotation marks omitted) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 686 A.2d 1314 (1995). "[When] the right to take an administrative appeal depends upon statutory authority, this court has regularly held that noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal." McQuillan v.Department of Liquor Control, 216 Conn. 667, 670, 583 A.2d 633
(1990). See also Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163, 561 A.2d 931 (1989); Hillcroft Partners v.Commission on Human Rights Opportunities, 205 Conn. 324, 326-27,533 A.2d 852 (1987); Chestnut Realty, Inc. v. Commission onHuman Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749
CT Page 10428 (1986); Basilicato v. Department of Public Utility Control,197 Conn. 320, 324, 497 A.2d 48 (1985).
The CHRO argues that the court lacks subject matter jurisdiction over Boccuzzi's appeal because he failed to appeal a final decision of the CHRO within the 45 day statutory period. The CHRO sent Boccuzzi notice of the rejection of reconsideration on November 19, 1997. The 45 day period ended on Saturday January 3, 1998, however, Boccuzzi had until Monday, January 5, 1998 to file his appeal. Boccuzzi filed his appeal on March 9, 1998.
Boccuzzi argues the following in his memorandum in opposition to the defendants' motion to dismiss: Boccuzzi filed his appeal with the clerk's office on December 24, 1997. Boccuzzi brought with him two copies of the final page of his appeal. One copy was signed and notarized, the other copy was unsigned in case Boccuzzi needed to sign the document in front of a court employee. The court employee took both pages from Boccuzzi. The front of his complaint was date stamped "received" on December 24, 1997. A few days later, Boccuzzi received in the mail the papers he filed with the clerk's office. The date stamp "December 24, 1997" was crossed off. The papers were mailed back to Boccuzzi because they were not signed. Then Boccuzzi brought the papers back to the clerk's office on December 29, 1997, and on the same day he mailed copies of the appeal by certified mail/return receipt to all the parties.
The CHRO counters in their supplemental memorandum of law in support of their motion to dismiss that Boccuzzi did not pay the court entry fee until March 9, 1998. The CHRO argues that this is evidenced by the receipt that is attached to Boccuzzi's complaint in the court file. Although it may be possible that Boccuzzi brought papers to the clerk's office on December 24 and December 29, 1998, the CHRO argues that an action is not considered filed until the filing fee is received.
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . The appeal provision of a statute are jurisdictional in nature, and if not complied with, render the appeal petition, I subject to dismissal. . ." (Citations omitted; internal quotation marks omitted.) Hillcroft Partners v.Commission on Human Rights Opportunities, 205 Conn. 324, 326,533 A.2d 852 (1987). General Statutes § 4-183 (c) provides in relevant part: "[w]ithin forty-five days after mailing of the CT Page 10429 final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court. . ."
"Failure to serve and file an administrative appeal under § 4-183 within forty-five days of the mailing of the agency's final decision deprives the court of subject matter jurisdiction to hear the appeal." Young v. Commission on HumanRights, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 323883 (November 9, 1995, Ballen, J.). See also Glastonbury Volunteer Ambulance Ass., Inc. v. Freedom ofInformation Commission, 227 Conn. 848, 852-53, 633 A.2d 305
(1993). "The initial arrival of the appeal unaccompanied by the required entry fee did not constitute a filing." Lawrence Memorial Hospital v. East Lyme, Superior Court, judicial district of New London at New London, Docket No. 522897 (October 23, 1992, Teller, J.) (7 CONN. L. RPTR. 544, 7 C.S.C.R. 1265). See alsoMecklenbury v. Pan American World Airways, Inc.,196 Conn. 517, 494 A.2d 517 (1985).
The court file demonstrates that Boccuzzi did not pay the filing fee until March 9, 1998. Boccuzzi does not argue that he paid the filing fee at any point prior to March 9. As to Boccuzzi's assertion that the clerk's office made a mistake when he filed his appeal, the alleged mistake does not implicate the court's subject matter jurisdiction. Rather, it is Boccuzzi's failure to pay the entry fee before the 45 day appeal period ended that effects the court's subject matter jurisdiction over the present appeal. Nonetheless, "[i]n cases involving administrative appeals, even where appellants may have been misled by actions or inactions of the Superior Court Clerk's Office, our Supreme Court did not deviate from the] established principle of strict compliance [with statutory provisions]."Lawrence Memorial Hospital v. East Lyme, supra, 7 CONN. L. RPTR. 544, 7 C.S.C.R. 1265. See, e.g., Tarnopol v.Connecticut Siting Council, 212 Conn. 157, 165,561 A.2d 931 (1989); and Basilicato v. Department of Public UtilityControl, 197 Conn. 320, 325-26, 497 A.2d 48
(1985).
Boccuzzi's appeal was not formally filed until March 9, 1998, which was beyond the 45 day period permitted by § 4-183(c) for filing administrative appeals. The court lacks subject matter I jurisdiction over the present administrative appeal. In light of this ruling, it is not necessary for the court to address the CHRO's employees motion to dismiss. Motion to dismiss granted CT Page 10430 (#103).
KARAZIN, J.