[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Commission of Human Rights and Opportunities (hereinafter "CHRO") filed a Motion to Dismiss this action for lack of subject matter jurisdiction. Defendant, American Medical, joins CHRO in its Motion. CHRO contends that this court lacks subject matter jurisdiction because of an untimely filing of the administrative appeal by the plaintiff. The plaintiff filed an Objection to the Motion to Dismiss claiming that she timely filed the appeal pursuant to § 4-183 of the Connecticut General Statutes (hereinafter "CGS").
Both parties agree that this case is an administrative appeal filed following an adverse ruling by CHRO against the plaintiff. Both parties also agree that in order to file a timely appeal pursuant to statute a complaint in Superior Court had to be filed with the court within 45 days of the final decision of CHRO. CT Page 163
On March 5, 1997, CHRO dismissed the plaintiff's complaint. On May 7, 1998, CHRO rejected plaintiff's request for Reconsideration of the dismissal. A Notice of Dismissal was sent to the plaintiff on May 27, 1998. Plaintiff filed a complaint, appealing the decision of CHRO on July 10, 1998. That complaint was date stamped by the clerk that day. Subsequently, on July 13, 1998, the file stamp was crossed out and the complaint was returned to the plaintiff because she had failed to send an entry fee with the pleading. Upon receipt of the returned pleading, the plaintiff immediately returned to the clerks office the entry fee and the complaint. The clerk again file stamped the complaint on July 15, 1998. The statutory filing period expired on July 13, 1998.
The issue for this court to resolve is: whether or not the filing of a complaint without the requisite entry fee constitutes a valid and timely filing of an administration appeal. Without a valid, timely filing, this court is without subject matter jurisdiction. For reasons more fully set forth below the court finds that it lacks subject matter jurisdiction because an administrative appeal may not be considered filed until the plaintiff has paid the entry fee.
LEGAL DISCUSSION
Administrative appeals exist only by statutory authority.Chestnut Realty, Inc. v. Commission on Human Rights andOpportunities, 201 Conn. 350, 356 (1986). Therefore, the right to appeal is only granted by "strict compliance with the statutory provisions by which it is created . . ." (Citations omitted.)Hillcroft Partners v. Commission on Human Rights andOpportunities, 205 Conn. 324, 326 (1987). Further, a court does not have subject matter jurisdiction over an administrative appeal unless the statutory provisions are followed. Id. This deprivation of the ability to entertain a case due to the lack of subject matter jurisdiction is an aspect of the law surrounding administrative appeals. The Connecticut Supreme Court has stated that "[o]ur precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction . . ." Plasil v. Tableman, 223 Conn. 68, 78
(1992)[1] quoting Bridgeport v. Debek, 210 Conn. 175, 179-80
(1989).
Connecticut statutes provide that "within forty-five days CT Page 164 after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the decision . . . and file the appeal with the clerk of the superior court . . ." Section 4-183(c). The Connecticut Supreme Court has stated that "[t]he plain language of section 4-183(c), read in the light of ordinary rules of English grammar and sentence structure, compels the conclusion that both the filing and the service of the appeal must be accomplished within the forty-five day period." GlastonburyVolunteer Ambulance Assn v. FOIC, 227 Conn. 848, 852 (1993). The pertinent issue in this case is what constitutes an adequate filing.
The plaintiff would have this court construe an adequate filing to include the timely filing of the complaint with or without the entry fee. To support this position the plaintiff argues that the statute itself does not mandate in clear language that an entry fee must be paid in order for a filing to occur. This differentiates § 4-183(c) from other statutes, such as § 52-259c, requiring the payment of a fee in order to confer jurisdiction upon a court.
CHRO urges this court to follow the unanimous line of superior court decisions holding that administrative appeal complaints filed pursuant to § 4-183(c) without the requisite entry fee are not considered sufficiently filed in order to confer jurisdiction upon the court. See Hefti v. CHRO, Superior Court, judicial district of Hartford, Docket No. 98 057954 (October 19, 1998, McWeeney, J.); Boccuzzi v. Martin, Superior Court, judicial district of Stamford at Stamford, Docket No. 98 0164273 (September 11, 1998, Karazin, J.); LawrenceMemorial Hosp. v. East Lyme Superior Court, judicial district of New London at New London, docket no. 52 28 97 (October 23, 1992, Teller, J.). CHRO argues that the complaint is not filed until it is accepted with the requisite fee. In light of prior Superior Court interpretation of § 4-183(c), CHRO contends that there is no question that the plaintiff in this matter failed to file a timely complaint.
The Superior Court cases cited by CHRO rely upon the holding in Van Mecklenburg v. Pan American World Airways, Inc.,196 Conn. 517 (1985). In that case the plaintiff had filed a timely motion to reopen but had failed to pay the filing fee. The court held that without the payment of court fees when filing a motion to open a judgement, the court lacks jurisdiction to entertain the CT Page 165 motion. It stated that:
 "it is clear from the language of this statute that payment of such fee is mandatory upon the filing of a motion to open. It, therefore, follows that an otherwise properly filed motion to open will not be accepted by the court unless accompanied by the filing fee. Since the plaintiff did not pay the required fee until October 15, the motion was not filed until that date, and as such, is untimely under the four month rule."
Id. at 519.
Before adopting the position of the other Superior Courts that have entertained this issue, this court briefly reviewed the applicability of the principle set forth in Van Mecklenburg to this case. The plaintiff states an interesting, though ultimately unpersuasive, argument by pointing to the distinctions between the statute governing motions to reopen (52-259c) and the statute governing administrative appeals (4-183(c)). The language in § 52-259c clearly mandates the payment of a filing fee, whereas § 4-183(c) is silent on the matter or fees. This distinction, alone, would merit a more careful re-visitation to the issue of what constitutes adequate filing were it not for the dicta provided by the Connecticut Supreme Court in Plasil. Plasil
supra at 78. That dicta seems to indicate an inclination to apply to administrative appeals, unlike to other types of cases which are subject to more lenient treatment, strict adherence to statutory provisions. This dicta is consistent with other Superior Court decision regarding the requirements for filing adequate of administrative appeals.
Therefore, although the Supreme Court has not yet decided the precise issue of whether a filing fee is required in order for a party to adequately file a complaint pursuant to the administrative appeals statute, thus far, the case law supports CHRO's position. For this reason, this court holds that plaintiff's complaint was untimely filed because she failed to pay the entry fee and file the complaint before the expiration of the forty-five day filing period.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT