[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 16290
Two docket numbers are cited in the caption of this decision because duplicate and competing files were apparently inadvertently opened in 1993. The records reveal that on July 9, 1993 the named plaintiff Tamieka L. Collins signed an affirmation of paternity for one minor child, Chazarae Collins born May 21, 1993. The affirmation was under oath and was endorsed by Annie Smith, identified as guardian ad litem and grandmother. Apparently the plaintiff had not reached the age of majority when the documents were executed. On July 15, 1993 the defendant executed an acknowledgment of paternity and also signed an information sheet describing his rights and including a waiver of "blood tests", trial and right to an attorney. The original documents were filed with this court under docket number FA93-0614688 thereby satisfying the requirements of General Statutes § 46b-172 for a completed Acknowledgment of Paternity having the full force and effect of a judgment of the Superior Court.
Inexplicably, on August 12, 1993, photocopies of the exact same documents were filed with the clerk of the court. Apparently the fact that the documents were photocopies and not originals, and that a perfectly valid file had been opened less than a month earlier, slipped through the cracks. A second court file was opened under the docket number listed second in the case caption herein.
Both files sat undisturbed until the Department of Social Services commenced a support petition in March 1995. The petition was correctly captioned with the first docket number and correctly alleged the filing of the Acknowledgment under the first docket number. The petition was served on the defendant in hand. Both parties appeared in court on the assigned date, June 26. Financial affidavits and guideline worksheets were filed and a hearing was held after which the court, Ginsberg,F.S.M., ordered the defendant to pay $64.00 per week current support plus $5.00 per week on an arrearage of $1,573.00 to the State. Immediate wage withholding and medical and dental insurance orders were entered. Once again, unaccountably, the exact same findings and orders were entered under the second docket number even though no support petition was filed in that case, no appearances or financial affidavits were filed and no original documents are to be found in the folder.
Thereafter, what would otherwise be an inconsequential oversight became procedurally problematic. First the clerk issued the income withholding in the duplicate second file instead of the correct first file. The support enforcement division followed suit in September, 1996 when they issued a CT Page 16291 contempt citation under the second docket number. The defendant, undoubtedly taking his cue from the contempt papers, filed a motion to modify, again in the incorrect file. Ms. Collins filed an appearance in the second docket number and apparently both parties appeared in court for a hearing on the contempt and motion to modify. The court,Matasavage, F.S.M., purported to grant a temporary modification to $20.00 per month current support plus $5.00 per month on the arrearage and continued the matters. The clerk recorded those orders only in the second file. After further continuance the support orders were further modified on March 14, 1997 by the court, Trombley, F.S.M., to $54.00 per week current support and $5.00 per week on the arrearage. Again these orders and resulting income withholdings were issued only in the second file. As recently as March 2000, the support enforcement division issued a withholding order in the second, incorrect file.
In June 1998 the defendant re-filed his appearance in the correct first file. Neither file discloses any other activity at that time. In May 2000 the Support Enforcement Division commenced a motion to modify pursuant to the review and adjustment process, General Statutes § 46b-231(s)(4). Although the papers were prepared listing the second, incorrect docket number, an unknown hand crossed out the typewritten number and substituted in writing the correct first docket number. It is this motion that is now pending before the court.
The long procedural history is necessary to begin the process of unraveling this unfortunate procedural glitch. Normally, it would be up to the defendant to raise the defense of prior pending action. Had he done so, the second action would certainly have been dismissed since it was at its inception an exact duplicate of the first case. However, in view of the fact that he was only served one support petition under the correct docket number, how was the defendant to know?
Additionally, the second case is defective not merely because it is a needless duplication of the first action. The initiating documents are not originals but photocopies. This fact is so obvious from visual comparison of the two files that this court needs no further evidence to find this as fact. Furthermore, there has never been a support petition filed in the second file.
"It is axiomatic that for a court to have jurisdiction over a petition, there has to be a petition. . . . Certainly, if late return of service renders a writ subject to dismissal, Rogozinski v. American FoodService Equipment Corp., 211 Conn. 431, 435, 559 A.2d 1110 (1989); Dossv. Adams, 6 S.M.D. 238, 240-41 (1992), then all the more so where there is no return whatsoever." Greenwood v. Velsor, 7 S.M.D. 65, 71, 13 CT Page 16292 Conn.Fam.L.J. 15 (1993) (emphasis in original).
"Whenever a court finds that it has no subject matter jurisdiction it must dismiss the case, without regard to previous rulings." Pet v.Department of Health Services, 207 Conn. 346, 351, 542 A.2d 672 (1988);Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985);Chzrislonk v. New York, N.H H.R. Co., 101 Conn. 356, 358, 125 A. 874
(1924); Vincenzo v. Warden, 26 Conn. App. 132, 135, 599 A.2d 31 (1991);Baker v. Baker, 12 S.M.D. 57, 62 (1998); Green v. Green, 11 S.M.D. 124, 127 (1997).
"The Family Support Magistrate Division is a statutory court. . . . Where the action `depends upon statutory authority noncompliance with the statutory requirements . . . implicates subject matter jurisdiction and renders a nonconforming [action] subject to dismissal.' Tolly v.Department of Human Resources, 225 Conn. 13, 27, 621 A.2d 719 (1993);McQuillan v. Department of Liquor Control, 216 Conn. 667, 670, 583 A.2d 633
(1990); Tarnopol v. Connecticut Sitting Council, 212 Conn. 157, 163,561 A.2d 931 (1989); Hillcroft Partners v. Commission on Human Rights Opportunities, 205 Conn. 324, 326-27, 533 A.2d 852 (1987); ChestnutRealty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350,356, 514 A.2d 749 (1986); Basilicato v. Department of Public UtilitiesControl, 197 Conn. 320, 324, 497 A.2d 48 (1985)." Greenwood v. Velsor, 7 S.M.D. 65, 71, 13 Conn. Fam. L.J. 15 (1993).
Since the situation has now come to light that there is an unnecessarily duplicative second action in which a support order appeared without a support petition having been filed and which does not contain an original acknowledgment this court has no alternative but to dismiss the second file on its own motion[1]. Although it may be somewhat disconcerting to the parties, particularly the defendant, all the subsequent proceedings under the second docket number are void. This includes any income withholding issued under the second docket number and any purported modification of the order. A cursory examination of the first and legitimate file reveals that the original order has never been modified.
Accordingly, the clerk is directed to file a copy of this decision in each file and then process a dismissal of the second file. No papers in that file are to be altered or destroyed until all appeals periods have expired. The clerk is requested to place a prominent cross-reference note on the file cover of the second file to direct any observer to the first file.
The motion to modify that brought this matter in to court has never been addressed because the court needed to determine the operative CT Page 16293 order. The first file is now the only file. The motion to modify is reassigned for a hearing on Friday, March 9, 2001. This court will retain jurisdiction to hear the motion.
The support enforcement division is directed to audit the account based on the first file only, charging support at the rate set in that file, but giving the defendant credit for all payments under any file number. The support enforcement division shall file its written audit not inconsistent with the foregoing decision on or before that date with copies to all parties.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate