[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved for an award of attorney's fees and costs against the defendant Frank Palumbo and has further moved that the award be assessed wholly against the interest of Frank Palumbo and the proceeds realized from the partition sale of the property which was the subject of this proceeding. The plaintiff predicates his claim for attorney's fees on an assertion that Palumbo acted in bad faith during the course of the litigation.
Under the American rule, attorney's fees and ordinary expenses and burdens of litigation are not awarded to successful parties unless there is a contractual or statutory exception. "The general rule that prevents a party from recovering attorney's fees does not apply, however, to situations in which the opposing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. CFM of Connecticut, Inc.v. Chowdhury, 239 Conn. 375, 394 (1996), overruled in part on other grounds, State v. Salmon, 250 Conn. 147, 155-56 (1999). "[The American] rule does not apply, however, where the opposing party has acted in bad faith. Roadway Express, Inc. v. Piper, [447 U.S. 752, 765-66 (1980)]. It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Id., 766; Dow ChemicalPacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986). This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. Roadway Express, Inc.v. Piper, supra, 766, quoting Hall v. Cole, 412 U.S. 1, 15 (1973). It applies both to the party and his counsel. Roadway Express, Inc. v. Piper, supra [766]. Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith . . . (Internal quotation marks omitted.). CFM ofConnecticut, Inc. v. Chowdhury, supra, 394" (Alternate citations omitted). Maris v. McGrath, 58 Conn. App. 83, 188-189 (2000).
While the term "bad faith" can have varying meanings depending upon the context in which it is used, it has generally been defined as the CT Page 12016 conscious doing of a wrong because of a dishonest purpose, interested or sinister motive. Habetz v. Condon, 224 Conn. 231, 237 (1992).
While a pro se litigant cannot be expected to adhere to the same high standards of performance of a practicing attorney he is required to comply with our Connecticut Rules of Practice. Basilicato v. Departmentof Public Utility Control, 197 Conn. 320, 324 (1985). In this case, Palumbo abused our rules and adversary process by his conduct throughout the litigation. In support of this finding the Court incorporates the findings and rulings made in its order of June 12, 2000. The conditions and events described in that order were subsequently exacerbated by Mr. Palumbo's persistence in filing more pleadings even after the court ordered him to refrain from doing so. At a hearing held on October 16, 2000 the court found that a) his pleadings made no sense, b) they were not rational, c) they were designed to frustrate the rights of the parties, d) they constituted a reckless, thoughtless abuse of our pleading system and our rules of practice.
At the time of the court's order of June 12, 2000 the court was uncertain of what precisely motivated Mr. Palumbo to employ the tactics that he did. The court is now persuaded that Mr. Palumbo was motivated by two considerations: 1) the desire to delay the proceeding in order to prolong his occupancy and use of the partitioned property; and, 2) to vindicate his numerous failed attempts to prove that the co-heirs of the property had committed fraud against him; and, 3) to satisfy his need for retribution against his siblings. The court deems these motives not only to have been improper but sinister as well. They are clearly minical to the furtherance of justice.
In view of Palumbo's various acts of procedural misconduct during the course of this proceeding the court finds that his acts were clearly without color and were taken in bad faith. CFM of Connecticut, Inc. vs.Chowdhury, supra at 394.
The plaintiffs attorney has filed an affidavit of attorney's fees which itemizes the services performed. The court notes that the affidavit seeks approval of an hourly rate of $250.00. While the ordinarily approvable hourly rate for the undersigned in this district has been $150.00, the higher rate sought is entirely justified by Mr. Palumbo's tactics in transforming this case from a conventional partition to a vehicle for harassment. The plaintiff is awarded an attorney's fee of $28,375.00.
The plaintiff has also requested that the court allocate this amount to Mr. Palumbo's share of the partition sale proceeds. The plaintiff has furnished no legal authority for such an allocation. The court will consider the issue upon presentation of a supplemental brief on the CT Page 12017 authority of the court to do so which brief shall be filed within two weeks.
MOTTOLESE, J.