[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the State of Connecticut from a decision of the Family Support Magistrate dismissing its petition for an order that the defendant be ordered to pay support for her minor child. The state brought the petition "pursuant to Sections17b-745, 46b-215, and/or 46b-172" alleging that the defendant was the legally liable parent of a child receiving child support services from the state under the Aid to Families with Dependant Children program administered by the Commissioner of Social Services. The Family Support Magistrate's decision to dismiss the petition was based upon his holding that the state's right to bring a petition for support in behalf of a custodial relative other than a parent is limited to cases where the custodial relative has been appointed by a court. The Magistrate stated to the assistant attorney general arguing the case in behalf of the state: "You (the state) have a right to seek support on behalf of a custodial parent. If you have another custodial relative there has to be some court determination." Tr. 10/26/98, p. 2. Betty CT Page 1581 Jennings, the person in whose name the state commenced this action, is the grandmother of Ms. Hariston's children, but has not been appointed their guardian by any court order.
The state asserts that the Family Support Magistrate's decision should be reversed because it is affected by an error of law, because it is clearly erroneous, and because the findings, orders and decision of the magistrate are arbitrary and capricious or characterized by an abuse of discretion. The court finds that the action of the Family Support Magistrate dismissing the action was final, that the petitioner has standing to appeal, that the petitioner is aggrieved, and that the appeal was timely filed and is in accordance with the requirements of Connecticut General Statutes, Section 46b-231, governing appeals from the decision of a Family Support Magistrate. The court has jurisdiction to decide the appeal.
The original petition was brought in the name of the Commissioner of Social Services on June 16, 1998, and included the name of Betty Jennings in the caption. It alleged that the petitioner, on behalf of the State, "brings this action against the named defendant as he/she is the legally liable parent of child(ren) receiving support services from the State." It requested an order from the Family Support Magistrate that the defendant provide financial and medical support for her minor children. The petition included a verified statement of facts affirming that the Department of Social Services was supplying support services in the form of Aid to Families with Dependent Children on behalf of the supervising relative of the two minor children of the defendant and asserting that the defendant had refused or neglected to supply such support. The defendant duly appeared, and entered into an agreement to provide support. The Family Support Magistrate declined to accept the agreement and dismissed the case.
Two portions of Section 46b-215 of the Connecticut General Statutes are central to the resolution of this appeal. First, the statute authorizes the Family Support Magistrate to order support payments to be made. It provides:
 The Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse or a child under the age of eighteen, according to his or her ability to furnish
CT Page 1582
such support . . .
Connecticut General Statutes, Section 46b-215(a). For the purposes of the statute, a person owing a duty of support is the obligor, while the person to whom the duty of support is owed is the obligee. Connecticut Public Acts, June 18, 1997 Special Session, 97-1, Section 2(13) and (14).[1] Secondly. the statute authorizes the state to commence proceedings to obtain support from an obligor. It provides:
 Proceedings to obtain such orders shall be commenced by service on the liable person or persons of a verified petition with summons and order . . . of the husband or wife, child or any relative or the conservator, guardian or support enforcement officer, town or state, or any selectman or the public official charged with the administration of public assistance of the town, or in AFDC support cases . . . the Commissioner of Social Services.
Connecticut General Statutes, Section 46b-215(a) (emphasis added).
The statute does not limit the authority of the Commissioner of Social Services to commence an action to obtain support from an obligor to cases in which the child being provided support is in the custody of a person appointed by a court. "Courts cannot, by construction, read into statutes provisions which are not clearly stated." Houston v. Warden, 169 Conn. 247, 251 (1975). The Family Support Magistrate's addition of such a requirement as a prerequisite to the state's ability to commence a support petition was, therefore, an error of law.
The judgment of the Family Support Magistrate dismissing the petition is reversed, and the matter is remanded to the Family Support Magistrate Division for further proceedings in accordance with this decision and applicable law.
BY THE, COURT,
______________________ GRUENDEL, J.