[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
On April 24, 2000, a hearing was held before the undersigned Family Support Magistrate on a support petition brought against the defendant by the State of Connecticut (hereinafter "the State"). During the course of this hearing, the State requested that the defendant be ordered to repay the State for the administrative costs of genetic testing set up by the Department of Social Services (hereinafter "DSS") pursuant to General Statutes § 46b-168a. This request was denied on the ground that the genetic testing was not ordered by the court. On May 4, 2000, the State appealed the denial of its request for repayment, and also filed this motion for articulation.
The State's motion for articulation is granted. The following is the court's articulation of the basis for its denial of the State's request for repayment on April 24, 2000.
The court did not order the genetic testing in the present case. Rather, DSS set up the genetic testing pursuant to General Statutes § 46b-168a. "In any IV-D support case, in which the paternity of a child is at issue, the IV-D agency shall require the child and all other parties . . . to submit to genetic tests . . . to determine whether or not the putative father or husband is the father of the child, upon the CT Page 14095 request of any such party." General Statutes § 46b-168a(a). "The costs of making the tests . . . shall be paid by the state, provided if the putative father is the requesting party and he is subsequently adjudicated to be the father of the child, he shall be liable to the state for the amount of such costs to the extent of his ability to pay, in accordance with regulations adopted by the Commissioner of Social Services." General Statutes § 46b-168a(b). Such regulations shall "establish criteria for determining . . . the ability of the requesting party to pay the costs of the genetic tests." General Statutes §46b-168a(c)(3).
Unlike a Superior Court Judge, a family support magistrate is not vested with equitable powers. DeSenti v. DeSenti, Superior Court, judicial district of New Haven at New Haven, Docket No. 337837 (September 21, 1997, Lifshitz, F.S.M.) (11 S.M.D. 214, 217 n. 2). Rather, "[t]he judicial powers of the Family Support Magistrate are limited to those established by the General Assembly in the Family Support Magistrate's Act, General Statutes § 46b-231, and related sections and public acts." (Internal quotation marks omitted.) Dalley v. Wineglass, Superior Court, judicial district of Hartford at Hartford, Docket No. BS-153F/96 (February 12, 1997, Lifshitz, F.S.M.) (11 S.M.D. 1, 26). Therefore, a family support magistrate may only act pursuant to powers provided for by statute and not based on principles of equity.
In this case, there is no express grant of authority in General Statutes § 46b-168a authorizing the family support magistrates to order the requesting party to reimburse the state for the costs of genetic testing when such testing was ordered by DSS. Moreover, there is no such express grant of power in the Family Support Magistrate Act.
A related statute expressly allows family support magistrates to order genetic testing upon motion of a party in non-IV-D support cases. See General Statutes § 46b-168(a) (providing that "[i]n any proceeding in which the question of paternity is at issue the court or a family support magistrate, on motion of any party, may order genetic tests"). Additionally, this statute requires the motioning party to reimburse the state (if indigent) or the petitioner for the costs of the genetic tests if he is later adjudicated to be the father of the child. See General Statutes § 46b-168(c) ("The costs of making tests . . . shall be chargeable against the party making the motion, provided if the court finds that such party is indigent and unable to pay such costs, such costs shall be paid by the state. If the costs of making such tests are paid by the state and the respondent making the motion is subsequently adjudicated to be the father of the child, such respondent shall be liable to the state for the amount of such costs."). Even so, the statute does not expressly authorize the family support magistrates to order the CT Page 14096 adjudicated father to reimburse the state. See General Statutes §46b-168(c). It is undeniable, however, that the family support magistrates do have such power and that such authority is implied by the grant of authority to order genetic testing in the first instance. There is no logical or reasonable argument to the contrary.
In the present case, the family support magistrates are not vested with the power to order genetic testing pursuant to General Statutes §46b-168a(a). Thus, no implied power to order reimbursement of costs can reasonably be found in General Statutes § 46b-168a(a). As discussed above, there also is no express grant of authority to order reimbursement of such costs.
Moreover, the State failed to submit any evidence establishing that DSS gave the defendant notice that he may be responsible for the costs for the genetic testing if he was later adjudicated to be the father. Also, the applicable statute seems to indicate that DSS should have some type of sliding scale to determine how much of the Costs should be reimbursed in each individual case. See General Statutes § 46b-168(b) ("The costs of making the tests . . . shall be paid by the state, provided if the putative father is the requesting party and he is subsequently adjudicated to be the father of the child, he shall be liable to the state for the amount of such costs to the extent of his ability to pay, in accordance with regulations adopted by the Commissioner of Social Services.") General Statutes § 46b-168a(c)(3) (providing that such regulations shall "establish criteria for determining . . . the ability of the requesting party to pay the costs of the genetic tests") However, no evidence was submitted on this issue either.
Based on the foregoing, the State's request for repayment of genetic costs is denied.
Denese Chisholm Langley Family Support Magistrate